UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BRIAN HOGG, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

DILLON LOGISTICS, INC. and COTTON CREEK CAPITAL PARTNERS II, L.P.,

    Defendants.
_____/

Case No.: 1:21-cv-01299-MN

**COTTON CREEK CAPITAL PARTNERS II, L.P.'S ANSWER
TO FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, Cotton Creek Capital Partners II, L.P. ("**Cotton Creek**"), responds to the First Amended Class Action Complaint ("**Complaint**"), filed by Plaintiff Brian Hogg ("**Plaintiff**"), as follows:

### NATURE OF THE ACTION

1. Denied.

2. Neither admitted nor denied as the Complaint speaks for itself.

### JURISDICTION AND VENUE

3. Admitted.

4. Denied.

### THE PARTIES

5. Admitted.

6. Admitted.

7. Cotton Creek is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations contained in this paragraph.

1

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

**CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104(a)(5)**

16. Denied, as no class has been certified, among other things.

17. Cotton Creek is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations contained in this paragraph.

18. Denied.

19. Denied, as neither Plaintiff nor any other person was entitled to notice under the WARN Act, among other things.

20. Denied, as Cotton Creek is not a single employer under the WARN Act, among other things.

**CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104(a)(5)**

21. Denied, as no class has been certified, among other things.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Cotton Creek is without sufficient knowledge and information to form a belief as to the truth or accuracy of the allegations contained in this paragraph.

27. Denied.

28. Denied.

**CAUSES OF ACTION & CLAIM FOR RELIEF: VIOLATION OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.***

29. Denied.

30. Denied.

**SINGLE EMPLOYER ALLEGATIONS**

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied, as Cotton Creek was not a single employer and notice under the WARN Act was not required, among other things.

38. Denied, as Cotton Creek was not a single employer and notice under the WARN Act was not required, among other things.

39. Denied.

**VACATION CLAIM**

40. Cotton Creek realleges and incorporates by reference all allegations in the preceding paragraphs herein.

41. Denied.

42. Denied.

43. Denied.

44. This paragraph contains a Jury Demand to which no substantive response is required. Cotton Creek denies that Plaintiff and the "Class Members" are entitled to any judgment described after this paragraph in the Complaint.

## **AFFIRMATIVE DEFENSES**

Cotton Creek asserts the following affirmative defenses without assuming any burden of proof on issues where the Plaintiff bears such burdens:

1. The Complaint fails to state a claim against Cotton Creek for which relief may be granted.

2. The Complaint should be dismissed because the factual conclusions and allegations concerning Cotton Creek are baseless, false, and/or misinformed.

3. Cotton Creek was not a single employer under the WARN Act. Cotton Creek and Dillon Logistics, Inc. ("**Dillon**") did not have common ownership, directors, and/or officers. Cotton Creek did not exercise control over Dillon—de facto or otherwise. Cotton Creek and Dillon did not have a unity of personal policies emanating from a common source or have a dependency of operations.

4. Cotton Creek was not Plaintiff's or any other Dillon employee's employer.

5. Dillon was not required to send any notice of its closure under the WARN Act as to its Savannah facility because Dillion did not employ 50 or more employees in its Savannah facility and, therefore, there was no "plant closing" as defined by the WARN Act.

6. Dillon was not required to send any notice of its closure under the WARN Act as to its Savannah facility because Dillion's closure did not amount to a "mass layoff" as defined by the WARN Act.

7. The WARN Act did not apply to Dillon's closure based on the "unforeseen business circumstances" exception to the WARN Act.

8. The WARN Act did not apply to Dillon's closure based on the "faltering company" exception to the WARN Act.

9. The WARN Act did not apply to Dillon's closure based on the natural disaster exception to the WARN Act.

## CONCLUSION

**WHEREFORE**, Cotton Creek respectfully requests the Court to:

A. enter judgment dismissing the Complaint with prejudice as to Cotton Creek judgment dismissing the Complaint with prejudice;

B. upon motion, pursuant to Federal Rule of Civil Procedure Rule 11, awarding Cotton Creek its attorneys' fees, costs and expenses for having to defend against the baseless and frivolous claims set forth in the Complaint against Cotton Creek;

C. upon motion, pursuant to 28 U.S.C. § 1927, awarding Cotton Creek its attorneys' fees, costs and expenses for having to defend against the baseless and frivolous claims set forth in the Complaint against Cotton Creek;

D. upon motion, pursuant to any other applicable rule or law, awarding Cotton Creek its attorneys' fees, costs and expenses for having to defend against the

baseless and frivolous claims set forth in the Complaint against Cotton Creek; and

E.     enter such other and further relief as this Court deems just and equitable.

Dated: November 3, 2021          Respectfully submitted,

GREENBERG TRAURIG, LLP

*/s/ Dennis A. Meloro*
Dennis A. Meloro (No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: melorod@gtlaw.com

-and-

Terence P. McCourt (MA BBO 555784)*
David G. Thomas (MA BBO 640854)*
One International Place
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
Email: mccourtt@gtlaw.com
       thomasda@gtlaw.com

Attorneys for Defendant COTTON CREEK CAPITAL PARTNERS II, L.P.

*\* pro hac vice motions to be filed*

## CERTIFICATE OF SERVICE

I, Dennis A. Meloro, hereby certify that on November 3, 2021, a true copy of the foregoing *Cotton Creek Capital Partners II, L.P.'s Answer to First Amended Class Action Complaint* was served via electronic mail upon the following counsel of record:

James E. Huggett, Esquire
MARGOLIS EDELSTEIN
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
jhuggett@margolisedelstein.com

Stuart J. Miller, Esquire
Johnathan Miller, Esquire
LANKENAU & MILLER, LLP
100 Church Street, 8th Floor
New York, NY 10007
sjm@lankmill.com

Mary E. Olsen, Esquire
M. Vance McCrary, Esquire
THE GARDNER FIRM, P.C.
182 St. Francis Street, Suite 103
Mobile, AL 36602
molsen@thegardnerfirm.com
vmccrary@thegardnerfirm.com

*Attorneys for Plaintiff*

   */s/ Dennis A. Meloro*
   Dennis A. Meloro (#4435)