IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN HOGG, STEVE RUGGIERO, DANNY WHEATON and THOMAS HOVIS on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>DILLON LOGISTICS, INC.; BURR RIDGE PROPERTIES INC; BURR RIDGE PROPERTIES RE HOLDINGS, LLC; BURR RIDGE TRANSPORT INC.; DILLON ELMENDORF, LLC; DILLON FLEET SERVICES INC.; DILLON LEASING GROUP, INC.; DILLON LEASING, LLC, and DILLON MEMPHIS LLC,<br><br>   Defendants.<br>-----------------------------------------------------------<br>CORY SIEGESMUND, on behalf of himself and a class of those others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>DILLON LOGISTICS, INC.,<br><br>   Defendant. | Case No.: 1:21-cv-01299-MN |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT AND RELEASE, AND CERTIFYING SETTLEMENT CLASS**

Plaintiffs Brian Hogg, Thomas Hovis, Steve Ruggiero, Cory Siegesmund, and Danny Wheaton (the "Plaintiffs"), individually and on behalf of all others similarly situated, through Plaintiffs' Motion to Approve the Settlement and Release Agreement (the "Agreement" or the

"Settlement") [D.E. _____] (the "Settlement Motion"), have requested this Court to approve the Agreement. Plaintiffs filed the Agreement as an exhibit to the Settlement Motion. The Court has reviewed and considered, among other things, the Agreement, the exhibits thereto, and the Settlement Motion. Based on that review and consideration, the Court hereby **GRANTS** the Settlement Motion and hereby **FINDS** and **ORDERS** as follows:

  A. The terms defined in the Agreement are adopted herein and shall have the same meanings ascribed to them in the Agreement unless otherwise stated.

  B. The Settlement appears to have resulted from arm's-length negotiations between the Parties' counsel, as facilitate through mediation with a professional mediator and retired federal district court judge, and after the Parties' counsel conducted a reasonable investigation and analysis of the facts and law concerning the claims asserted in the Federal Litigation.

  C. The Settlement is within the range of fairness, reasonableness, and adequacy such that (a) notice should be sent to the Class Members for the purposes of determining whether the Class Members will exclude themselves from participating in the Settlement, or whether any Class Member has objections to the Settlement, and (b) after notice and a ruling on any timely filed objections, the Court will finally consider and determine whether the Settlement is fair, reasonable, and adequate as to the Class Members at the Fairness Hearing.

  D. For settlement purposes only, the following "Class" is conditionally certified:

> **The 432 persons identified from the Assignors' books and records and are reflected on Schedule 1 to the Settlement, excluding officers or directors of any of the Assignors, who were directly employed by Dillon Logistics and worked at or reported to the Facilities and were terminated without cause on their part on or about August 31, 2021, or thereafter.**

The Class excludes those persons who timely submit a valid opt-out request by the Objection and Opt-Out Deadline.

E.Pursuant to Fed. R. Civ. P. 23, the Court, in its discretion and for settlement purposes only, conditionally finds that:

1.the Class is so numerous that joinder is impracticable;

2.there are questions of law or fact common to the Class;

3.the claims of the Plaintiffs are typical of the claims of the Class;

4.the Plaintiffs and Class Counsel are capable of fairly and adequately protecting the interests of the Class and there does not appear to exists any conflict of interest among them and the Class Members;

5.common questions of law and fact predominate over questions affecting only individual Class Members; accordingly the Class is sufficiently cohesive to warrant adjudication through settlement by representation; and

6.the Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Class.

F.The Class Notice attached to the Agreement, and the manner in which Class Notice is to be distributed to the Class Members, appears to be fair and reasonable and the best notice that is practicable under the circumstances as well as to comply with due process because the notice and manner are reasonably calculated to adequately apprise Class Member of the factors set forth in Fed. R. Civ. P. 23(c)(2)(B), including, without limitation, (i) the nature of this proceeding, (ii) the definition of the Class, and (iii) the binding effect of the Final Order and Judgment on the Class Members.  Further, the Class Notice informs the Class Members that the Settlement provides for the release of their claims as identified in the Settlement, and the payment of Class Counsel's attorneys' fees and expenses and service payments to the Plaintiffs.

G.The Plaintiffs are conditionally appointed as the Class Representatives and The Gardner Firm, P.C., Lankenau & Miller, LLP, Kwall Barack Nadeau PLLC and David Christian Attorneys LLC are appointed as Class Counsel.

  H. The Settlement Administrator is appointed to administer the Settlement with Class Counsel as set forth in the Agreement.

  I. The Class Notice shall be provided to the Class Members as set forth in the Agreement within five (5) days of entry of this Order.

  J. According to the notice filed with the Court by Defendants' Counsel, the date the Class Action Fairness Act notices relating to this matter were mailed was _____, 2022 ("CAFA Notice Date").

  K. Objections or other responses to the final approval of the Settlement are to be filed with the Clerk of the Court and mailed to the entities listed in the Notice, via first class US Mail so that they are received by no later than thirty-five (35) days following the date of mailing of the Notice.

  L. Any Class Member who wishes to exclude themselves from the Agreement and the settlement embodied therein must complete and mail the Opt-out form to the entity listed in the Notice, via first class US Mail so that they are received by that entity by no later than thirty-five (35) days following the date of mailing of the Notice.

  M. Class Counsel will file an affidavit with the Court concerning (i) the notice program described in the Agreement, (ii) any timely submitted objections to the Settlement (and any responses thereto), and (iii) a list of timely opt-outs received, within two (2) business days before the Fairness Hearing.

  N. The Fairness Hearing will be held on _____, 2022, at _____ __.m., which is a date no sooner than ninety (90) days after the CAFA Notice Date.

O. The form of Final Order and Judgment attached to the Agreement is preliminarily approved and all Class Members will be bound by the Final Order and Judgment and the terms of the Settlement if the Final Order and Judgment is approved at or after the Fairness Hearing.

P. Pending final determination of whether the Settlement should be approved, no Class Member directly or indirectly, derivatively, in a representative capacity, or in any other capacity, shall commence any action against any of the Released Persons in any court tribunal, or other adjudicatory body asserting any of the Released Claims.

Q. All discovery, pretrial proceedings, and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Agreement and this Order.

R. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with any non-material modifications agreed to by the Parties and the Court, if any, that are necessary to effectuate the Settlement and that do not require further notice to the Class.

**So Ordered, this _____ day of _____, 2022.**

_____
UNITED STATES DISTRICT COURT JUDGE