# NOTICE TO SETTLEMENT CLASS

> **BRIAN HOGG, STEVE RUGGIERO, DANNY WHEATON and THOMAS HOVIS on behalf of themselves and all others similarly situated v. DILLON LOGISTICS, INC.; BURR RIDGE PROPERTIES INC; BURR RIDGE PROPERTIES RE HOLDINGS, LLC; BURR RIDGE TRANSPORT INC.; DILLON ELMENDORF, LLC; DILLON FLEET SERVICES INC.; DILLON LEASING GROUP, INC.; DILLON LEASING, LLC, and DILLON MEMPHIS LLC**
>
> and
>
> **CORY SIEGESMUND, on behalf of himself and a class of those others similarly situated v. DILLON LOGISTICS, INC.**
>
> **Consolidated Case No.: 1:21-cv-01299-MN**
>
> **(District of Delaware)**

> THIS SETTLEMENT INVOLVES MONEY AWARDS FOR CLASS MEMBERS.
>
> PLEASE READ CAREFULLY.
>
> PLEASE DO NOT WRITE TO OR CALL THE COURT CONCERNING THIS MATTER

> For more information, you may visit the Settlement Website at www._____, where you will find a copy of the Settlement Agreement, described in this Notice, and the Settlement Motion

**Objection/Opt-Out Deadline:** _____

**THIS NOTICE CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS**

You should read this entire document.  A short summary is set forth here, but you should review the complete document to ensure that you understand its terms:

 a) This Notice describes the terms of a class action settlement of claims brought by Brian Hogg, Steve Ruggiero, Danny Wheaton, Thomas Hovis and Cory Siegesmund ("Plaintiffs"), on their own behalf and on your behalf, under the Worker Adjustment and Retraining Notification Act (the "*WARN Act*"), which alleges that Dillon Fleet Services Inc.; Dillon Logistics, Inc., Burr Ridge Properties Inc; Burr Ridge Properties RE Holdings, LLC; Burr Ridge Transport Inc.; Dillon Elmendorf, LLC; Dillon Leasing Group, Inc.; Dillon Leasing, LLC and Dillon Memphis LLC ("*Dillon*")

1

**terminated your employment and the employment of certain other employees as part of a plant closing without proper advance written notice;**

**b)  On September 10, 2021, the Assignors assigned all of their assets to the Assignee to administer for the benefit of the Assignors' creditors through a General Assignment for the Benefit of Creditors, as amended (the "Assignment").**

**c)  The Assignee has agreed to a Settlement of $887,000 to resolve these claims for the entire class and obtain a release of WARN Act claims;**

**d)  You do not need to take any action if you wish to participate in this Settlement and receive the projected payment discussed in this notice.**

**e)  If you do not want to participate in the Settlement and be bound by its terms, you must mail in your opt-out form (which is part of this Notice) according to the instructions in this Notice so that it is received by counsel no later than _____.  If you do not opt-out by that date, you will be bound by the Settlement. Further, as a Class Member, you have the right to object to or comment on, the Settlement, including Plaintiffs' Class Counsel attorneys' fees and costs, and, to appear at the hearing to take place [date/time location], at which the Court will consider the final approval of the Settlement.  The process for making an objection, if you choose to do that, is set out below.**

### Background and Case History

1. Prior to the Assignment, Dillon Logistics, a trucking company, maintained facilities located in (i) Bartow, Tampa, and Mulberry, Florida; (ii) Atlanta and Savannah, Georgia; (iii) Burr Ridge and Chicago, Illinois; (iv) Bricknell, Indiana; (v) Heidelberg, Mississippi; (vi) Medina, Ohio; and (vii) Dallas, Texas (collectively, the "Facilities").
2. On or about August 31, 2021, Dillon Logistics terminated substantially all of its employees.
3. Plaintiffs and the other similarly situated putative class members did not receive sixty days advance written notice of their terminations.
4. After August 31, 2021, (i) two putative class-action lawsuits (styled *Brian Hogg et al. v. Dillon Logistics, Inc., et al.*, Case No. 1:21-cv-01299 (D. Del.) (the "Delaware Federal District Court Action") and *Cory Siegesmund v. Dillon Logistics, Inc.*, Case No. 21-cv-02107 (M.D.Fla.) (the "Florida District Court Action")) were filed and, wherein, the Plaintiffs asserted that one or more of the Assignors violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. ("WARN Act") in connection with Dillon Logistics' termination of its employees; and (ii) the Florida District Court Action was transferred to and is now pending with the Delaware Federal District Court Action in the United States District Court for the District of Delaware ("Delaware Federal District Court") (the Florida District Court Action and the Delaware Federal District Court Action together, the "Federal Litigation").
5. Plaintiffs asserted in the Federal Litigation that, although the Plaintiffs and the other similarly situated employees were nominally employed by Dillon Logistics, Inc,  pursuant to the WARN Act's

2

<ol start="6">
<li>
single employer rule, the Assignors were also the Plaintiffs' and the other similarly situated employees' employer.
</li>
<li>
Prior to the transfer of the Florida District Court Action to Delaware, Plaintiff Cory Siegesmund, Thomas Hovis and Danny Wheaton were petitioning creditors in an involuntary petition commenced against Dillon Logistics, Inc. under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. In light of the bankruptcy filing, the Florida District Court stayed the Florida District Court Action. Ultimately, the Bankruptcy Court dismissed the bankruptcy petition and ordered that Siegesmund and those similarly situated be accorded priority status on their WARN claims as part of the Assignment.
</li>
<li>
Plaintiffs and certain other Class Members filed various proofs of claim concerning the alleged WARN Act violations in the Delaware State ABC Proceeding ("Delaware Proofs of Claim").
</li>
<li>
The Parties have actively engaged in settlement negotiations, including a formal mediation conducted by the Hon. Diane M. Welsh (Retired) on August 5, 2022 and exchanged certain pertinent information.
</li>
<li>
The Assignee and the Assignors vigorously deny all of the claims asserted in the Federal Litigation, deny any wrongdoing on their part, and deny any liability to the Plaintiffs and the putative Class Members.
</li>
<li>
In an attempt to avoid costly litigation, and the depletion of Assignment Estate assets, the Parties reached a settlement, as described herein.
</li>
<li>
The Settlement Agreement is made for the sole purpose of settlement of the Federal Litigation and Released Claims as described herein; and (ii) the settlement embodied in the Settlement Agreement is expressly conditioned upon the entry of the Final Order and Judgment and Effective Date, as defined herein.
</li>
</ol>

**The Proposed Settlement Agreement**

<ol start="12">
<li>
The Parties agree to have the Court approve certification of the proposed Class consisting of 432 former employees directly employed by Dillon Logistics, Inc., who worked at or reported to the Facilities and who were terminated without cause on their part on or about August 31, 2021, and thereafter, who do not file a timely request to opt-out of the class (the "*Class*" or "Class Members").
</li>
<li>
The Plaintiffs will be named as *Class Representatives*. Plaintiffs' counsel The Gardner Firm, P.C., Lankenau & Miller, LLP, Kwall Barack Nadeau PLLC and David Christian Attorneys LLC will be appointed as *Class Counsel*.
</li>
<li>
The total Gross Settlement Amount is $887,000 to be paid by the Assignee to the Qualified Settlement Fund upon the Effective Date. The Assignee and Assignors represent and warrant that, to the best of their present, actual knowledge, the Gross Settlement Amount is the entire unencumbered amount available to the Assignee to resolve the Federal Litigation, taking into account all current and anticipated secured and administrative claims to be paid under the Assignment. Settlement Costs to be deducted from the Gross Settlement Amount include Class
</li>
</ol>

        Counsel's Fees of one third of the Gross Settlement Amount; Class Counsel's Expenses related to the litigation and settlement of the WARN Act claims and litigation described herein, including without limitation the Settlement Administrator's costs and Plaintiffs' mediation-related expenses, projected to be approximately $32,000; and a one-time Service Payment of $5,000 each to Brian Hogg, Steve Ruggiero, Danny Wheaton, Thomas Hovis and Cory Siegesmund for their services with regard to the pursuit and prosecution of the WARN Act claims and litigation described herein.

15. If the Court grants final approval of the Settlement, it will become effective on the date that the time for taking an appeal from the order has expired or, in the event an appeal has been taken, the day the order has been affirmed with no further right of appeal (the "*Effective Date*").

16. Class Counsel will hire a settlement administrator (the "*Settlement Administrator*") to distribute the Gross Settlement Amount as described in the Settlement.

17. Settlement Checks paid to the Class will be allocated as W-2 wage payments.

18. All payments to Class Members shall be net of all applicable federal, state and local income, employment and payroll withholdings taxes associated with W-2 wage payments to Class Members ("*Withholdings*"), and all applicable employer portions of employment and payroll taxes associated with W-2 wage payments to Class Members ("*Employer Portions*") shall be paid out of the Gross Settlement Amount.

19. Class Members are personally responsible for payment of all taxes and any tax liability resulting from the amount of any Settlement checks.

20. The Projected Net Pre-Tax Settlement Amount per Class Member was allocated as follows from the Gross Settlement Amount: (a) Class Members shown in Dillon Logistics' records at Facilities other than Bartow, Mulberry, Savannah, and Tampa, and which had fewer than fifty (50) non-part-time employees, were allocated $250.00 each; and (b) Class Members shown in Dillon Logistics' records at the Bartow, Mulberry, Savannah, and Tampa Facilities were allocated a pro rata share of the remaining Projected Net Pre-Tax Settlement Amount based on Class Counsel's calculations, from available data, of their maximum theoretical WARN wage claim and which is, in no event, less than $250.00.

21. The Settlement Agreement will *no*t become effective if the Court does not approve it.

22. The total amount of your Projected Net Pre-Tax Settlement Amount under the Settlement Agreement, is shown on Exhibit "A" attached here.

### Class Counsel's Recommendation

23. Class Counsel recommends approval of the Settlement, believing that it is fair, reasonable and adequate to the Class.

### Release of Legal Rights and Claims and Effect of Approval of Settlement

24. Upon the occurrence of both the Effective Date and payment of the Gross Settlement Amount by the Assignee in accordance with the Agreement, the Plaintiffs and the Class Members bound by

the Agreement and the settlement embodied therein, and each of their respective heirs, legatees, next-of-kin, representatives, beneficiaries, successors, and assigns ("Releasing Parties") will release, acquit, and forever discharge the Assignors and Assignee, and each of their respective present, future, and former administrators, advisors, agents (alleged, apparent, or actual), affiliates, assigns, attorneys, directors (whether acting in such capacity or individually), consultants, conservators, contractors, co-venturers, creditors, departments, directors, divisions, distributors, employees, independent contractors, insurers, joint ventures, managers, members, nominees, officers, parents, partners, personal representatives, predecessors, predecessors-in-interest, principals, privities, related entities, representatives, resellers, shareholders, subdivisions, subsidiaries, successors, successors-in-interest, retailers, wholesalers and each person or entity acting or purporting to act for them or on their behalf, including, without limiting the foregoing, CCC Advisors, LLC, Cotton Creek Capital Management III, LLC, Cotton Creek Capital Management II, LLC, Cotton Creek Capital Management LLC, and C7 Logistics, Inc.  ("Released Persons"), from any and all manner of accounts, actions, agreements, attorneys' fees, bills, bonds, causes of action, charges, claims, contracts, controversies, costs, covenants, damages, debts, demands, dues, executions, expenses, extents, interest, issues, judgments, losses, liabilities, obligations, penalties, promises, reckonings, remedies, rights, suits, sums of money, trespasses, and variances, of any nature whatsoever, known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, in law or equity, fixed or contingent, common law or statutory claims arising under or based upon the WARN Act as set forth in 29 U.S.C § 2104 and/or any comparable state or local mini-WARN Act statutes (**"Released Claims**" or "Release"); acknowledge, represent, covenant, and warrant that the obligations imposed by the Release shall be forever binding, and that the Release may not be modified, amended, annulled, rescinded, or otherwise changed unless in writing signed and notarized by a duly authorized representative of the Assignors or Assignee to which the modification, amendment, annulment, rescission, or change applies, and which writing expressly refers to the Release and this Agreement; acknowledge, represent, covenant, and warrant that they have not made any assignment of any right, claim, or cause of action covered by the Release to any individual, corporation, or any other legal entity whatsoever; and acknowledge, represent, covenant, and warrant that they have full power, competence, and authority to execute and deliver the Release.  Further, immediately upon the occurrence of both the Effective Date and payment of the Gross Settlement Amount by the Assignee in accordance with the Agreement, any claims filed in the Delaware Chancery Court that are included in the Released Claims shall be deemed null and void and the Assignee may use the Agreement and the Final Order and Judgment, as needed, to effect dismissal of such claims.

**Your Options under the Proposed Settlement**

25. If you do not opt-out, and the Court approves the Settlement, you will be covered by the Settlement and share in the benefits described in this notice.

26. If you choose **not** to be bound by this Settlement and **do not** wish to receive any money pursuant to it, you may opt-out of the Class by filling out the attached "Opt-Out Form", and signing and

mailing that form by certified mail, return receipt requested, to: The Gardner Firm, P.C., 182 St. Francis Street; Suite 103, Mobile, Alabama 36602, Attn: Mary Olsen, Esq. The Opt-Out Form must be received by Ms. Olsen no later than _____. All requests to opt-out received after that date will not be effective, and any person who sends a late request will be bound by the Settlement.

27. If you believe that the proposed settlement is unfair or inadequate or that Class Counsel's Fees or Class Counsel's Expenses should not be approved, you may object to the Settlement and/or the attorneys' fees and costs by mailing First Class US Mail a detailed written statement bearing the name and case number of the WARN Action shown above on the first page stating your comment or objection, to _____, Clerk of the United States District Court for the District of Delaware, United States District Court, 844 N. King Street, Unit 18, Wilmington, DE 19801-3570 and by sending copies of that statement, also by First Class US Mail, to:

a) LANKENAU & MILLER LLP, 100 Church Street, 8th Floor, New York, NY 10007; Attention: Stuart J. Miller, Esq.; **and**

b) THE GARDNER FIRM, P.C., 182 St. Francis Street; Suite 103, Mobile, Alabama 36602, Attn: Mary Olsen, Esq.; **and**

c) GELLERT SCALI BUSENKELL & BROWN, LLC, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801, Attn: Michael Busenkell, Esq.; **and**

d) GREENBERG TRAURIG, LLP, One International Place, Suite 2000, Boston, MA 02110, Attn: David G. Thomas, Esq, Esq.

28. Objections must be received by each of the above no later than _____, and must include the caption of the action and your name, address, and telephone number together with a detailed statement of the basis for your objection and whether you wish to be heard personally or by counsel at the final hearing at which the parties will be requesting binding Court approval of the Settlement and the award of attorneys' fees and costs, as described above.

### Location and Date of Fairness Hearing of Proposed Settlement

29. The hearing for consideration and final approval of the Settlement and the award of attorney's fees and costs to Class Counsel is scheduled to take place before Hon. Maryellen Noreika on _____ at _____ **A.M./P.M.** at the United States District Court for District of Delaware, Courtroom 4A at the J. Caleb Boggs Federal Building, 844 N. King Street, Unit 19, Room 4324, Wilmington, DE 19801-3555. That hearing date may be changed without further notice. You may appear personally or through your own counsel at the final hearing.

30. Any questions from members of the Class about this Notice or requests for more information, including a copy of the Settlement, should be sent by First-Class mail to Attorney Mary Olsen at the address below or you may call Attorney Mary Olsen at (251) 415-4978 on her direct line.

**While the Court has approved the sending of this notice, it takes no position and makes no legal opinion about the claims or defenses made by the Parties concerning this litigation.**

**BRIAN HOGG, STEVE RUGGIERO, DANNY WHEATON and THOMAS HOVIS on behalf of themselves and all others similarly situated v. DILLON LOGISTICS, INC.; BURR RIDGE PROPERTIES INC; BURR RIDGE**

**PROPERTIES RE HOLDINGS, LLC; BURR RIDGE TRANSPORT INC.; DILLON ELMENDORF, LLC; DILLON FLEET SERVICES INC.; DILLON LEASING GROUP, INC.; DILLON LEASING, LLC, and DILLON MEMPHIS LLC**

**and**

**CORY SIEGESMUND, on behalf of himself and a class of those others**

**similarly situated v. DILLON LOGISTICS, INC.**

**Consolidated Case No.: 1:21-cv-01299-MN**

**(District of Delaware)**

_____

## OPT-OUT FORM

I, the undersigned, have read the foregoing Class Notice and understand its contents.

I **DO NOT** want to participate or accept any money award pursuant to the Settlement described herein and **DO NOT** wish to be bound by the Settlement described herein.

| | |
|---|---|
| SIGNATURE | ADDRESS |
| NAME (printed or typed) | CITY, STATE and ZIP CODE |
| DATE | TELEPHONE |
| EMAIL ADDRESS | |

If you do NOT wish to participate, send this completed form to:

Attention: Mary E. Olsen, Esq.
THE GARDNER FIRM, P.C.
182 St. Francis Street, Suite 103
Mobile, Alabama 36602

**EXHIBIT A**

[Class Member name/address]

| | |
|---|---|
| Projected Net Pre-Tax Settlement Amount after the deduction of Class Counsel's Fees, Class Counsel's Expenses and Service Payments | $_____ |