IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN HOGG, STEVE RUGGIERO, DANNY WHEATON and THOMAS HOVIS on behalf of themselves and all others similarly situated,<br><br>　Plaintiffs,<br><br>v.<br><br>DILLON LOGISTICS, INC.; BURR RIDGE PROPERTIES INC; BURR RIDGE PROPERTIES RE HOLDINGS, LLC; BURR RIDGE TRANSPORT INC.; DILLON ELMENDORF, LLC; DILLON FLEET SERVICES INC.; DILLON LEASING GROUP, INC.; DILLON LEASING, LLC, and DILLON MEMPHIS LLC,<br><br>　Defendants.<br>----------------------------------------------------<br>CORY SIEGESMUND, on behalf of himself and a class of those others similarly situated,<br><br>　Plaintiff,<br><br>v.<br><br>DILLON LOGISTICS, INC.,<br><br>　Defendant. | Case No.: 1:21-cv-01299-MN |

**FINAL ORDER AND JUDGMENT**

　　This matter came before the Court for a fairness hearing, as scheduled by the Court, pursuant to this Court's Order Preliminarily Approving Class Settlement and Conditionally Certifying the Class, dated September 23, 2022 ("Preliminary Approval Order"), and in connection with Plaintiffs Brian Hogg, Thomas Hovis, Steve Ruggiero, Cory Siegesmund, and Danny

1

Wheaton's (the "<u>Plaintiffs</u>") Motion to Approve Settlement and Release Agreement (the "<u>Agreement</u>" or the "<u>Settlement</u>") [D.I. 29] among Plaintiffs and (i) Dillon Fleet Services Inc., Dillon Logistics, Inc., Burr Ridge Transport Inc., Dillon Leasing Group, Inc., Dillon Leasing, LLC, Burr Ridge Properties Inc., Burr Ridge Properties RE Holdings, LLC; Dillon Elmendorf, LLC, and Dillon Memphis LLC (the "<u>Assignors</u>"); and (iii) Dillon ABC, a Delaware Series LLC ("<u>Assignee</u>"), as a nominal party and for the purposes of settlement only, and pursuant to the authority granted to the Assignee by the Chancery Court of the State of Delaware in *In re: Dillon Fleet Services, Inc., et al.*, Case No. 2021-0785-PAF (the Plaintiffs, the Assignors, and the Assignee collectively, the "<u>Parties</u>").  The Court, having considered all papers filed and proceedings held herein, and having received a declaration attesting to the mailing of the Class Notice[1] in accordance with the Preliminary Approval Order, and good cause appearing therefor,

**IT IS HEREBY ADJUDGED, DECREED, AND ORDERED**:

**I.   JURISDICTION AND VENUE**

1. The Court has jurisdiction over the subject matter, the Parties to this proceeding, and all Class Members, pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this judicial district.

**II.   FINAL CERTIFICATION OF THE CLASS; OPT-OUTS**

3. The Court finds that the requirements of Fed. R. Civ. P. 23 are satisfied and that final certification of the Class is appropriate. The Court therefore grants final certification of the following Class:

> **The 431 persons identified from the Assignors' books and records and are reflected on <u>Schedule 1</u> to the Settlement, excluding officers or directors of any of the Assignors, who were directly employed by Dillon Logistics and worked at or reported to the Facilities and were terminated without cause on their part on or about August 31, 2021, or thereafter.**

---

[1] Capitalized terms defined in the Agreement and used herein shall have the same meanings as set forth in the Agreement.

4.      The Class excludes the one individual who submitted a timely valid opt-out request by the Objection and Opt-Out Deadline established in the Preliminary Order. The name of the sole opt-out is Thomas Day. Mr. Day is not bound by this final judgment and order, and may pursue his own individual remedies against the Released Parties. Mr. Day is not entitled to any rights or benefits provided to Class Members by the terms of the Settlement.

5.      The Plaintiffs are appointed as the Class Representatives and The Gardner Firm, P.C., Lankenau & Miller, LLP, Kwall Barack Nadeau PLLC and David Christian Attorneys LLC are appointed as Class Counsel.

6.      The Court finds that the Class satisfies the following requirements under Fed. R. Civ. P. 23:

(a)   the members of the Class are so numerous that joinder of all members is impracticable;

(b)   there are questions of law and fact common to the Class;

(c)   the claims and defenses of the Plaintiffs are typical of the Class;

(d)   the Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class; and

(e)   the litigation satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### III.    FINAL APPROVAL OF THE SETTLEMENT

7.      Pursuant to Fed. R. Civ. P. 23(e), this Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Class Members, for the following reasons: <u>First</u>, the Parties negotiated the Settlement fairly and honestly at arms' length and with the assistance of an experienced mediator and experienced counsel. <u>Second</u>, serious

questions of law and fact exist, as reflected in motions to dismiss the case. Third, an immediate recovery is valuable to the Class Members, given the potential need for protracted litigation to resolve all factual and legal disputes among the Parties. Fourth, the Parties have offered their reasoned and well-supported judgment that the settlement is adequate, fair and reasonable to the Class.

8. The Court also finds that the plan for distribution of the Gross Settlement Amount, as set forth in the Agreement, is adequate, fair and reasonable. The Settlement Administrator shall perform the distributions set forth in the Agreement without further order of this Court.

9. The Court, therefore, finally approves the Settlement as adequate, fair and reasonable.

## IV. ADEQUACY OF NOTICE; OBJECTIONS

10. The Court finds that the Class Members have been given due and adequate notice of the Settlement and the requested payment of Class Counsel's attorneys' fees and the Service Payments for the Plaintiffs, in the manner directed by the Preliminary Approval Order.

11. The Court further finds that the notice program approved in the Preliminary Approval Order and implemented in accordance with that Order by the Settlement Administrator and Class Counsel was the best practicable under the circumstances. The notice program was reasonably calculated under the circumstances to apprise the Class of (a) the pendency of the litigation; (b) the Court's preliminary certification of the Class; (c) the terms of the Settlement and the Class Members' rights to opt-out of the Class or to object to the Settlement; and (d) the amounts of Class Counsel's attorneys' fees and the Services Awards for the Plaintiffs. The notice program provided sufficient notice to all persons entitled to notice. The notice program satisfied all

applicable requirements of law, including Fed. R. Civ. P. 23 and the constitutional requirement of Due Process.

12. According to the notice filed with the Court by Defendants' Counsel, the date the Class Action Fairness Act notices relating to this matter were mailed was September 13, 2022 ("CAFA Notice Date").

13. There were no objections to the Settlement.

## V. RELEASES AND FINAL JUDGMENT

14. Pursuant to Fed. R. Civ. P. 23(c)(3), all Class Members who have not filed timely and valid opt-out requests are bound by this final judgment and by the terms of the Settlement.

15. Upon the occurrence of both the Effective Date and payment of the Gross Settlement Amount by the Assignee in accordance with this Agreement, the Released Parties shall be released and forever discharged from any and all of the Released Claims. Upon the occurrence of both the Effective Date and payment of the Gross Settlement Amount by the Assignee in accordance with this Agreement, all Class Members shall be forever barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties. Upon the occurrence of both the Effective Date and payment of the Gross Settlement Amount by the Assignee in accordance with this Agreement, all Class Members shall be forever barred and enjoined from taking any action in violation of this provision.

16. Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) may be used as an admission of, or evidence of, any fault or omission of any of the

Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) may be admissible in any proceeding except an action to enforce or interpret the terms of the Settlement or any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Agreement and/or this final judgment and order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. Without affecting the finality of this final judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Gross Settlement Amount; (b) disposition of the Gross Settlement Amount; (c) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement; and (d) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

18. This Court finds, for purposes of Fed. R. Civ. P. 54(b), that there is no just reason for delay and expressly directs entry of final judgment as set forth herein.

**IT IS SO ORDERED this 14th day of December 2022.**

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District